UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00054-LLK

CYNTHIA LYNN WILLIS                                                                             PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for disabled widow's benefits under Title II of the Social Security Act.  The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 18-1 and 19.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 16].

Plaintiff makes two arguments.  Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On March 28, 2019, the ALJ issued the Commissioner's final decision, finding that Plaintiff satisfies the non-disability requirements for disabled widow's benefits (through the decision date), but Plaintiff has not been under a disability, as defined by the Social Security Act, from her January 1, 2009 alleged onset of disability date through the decision date.  [DN 15-2 at 12, 21, 22].

The ALJ found that, notwithstanding her degenerative disc disease, spina bifida, and plantar fasciitis, Plaintiff retains the ability to perform a limited range of light work with a sit/stand option:

> … [Plaintiff] has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) except she would need to alternate between sitting and standing after sitting for 30 minutes or standing for 1 hour.  She can occasionally stoop, kneel, crouch, crawl and climb ramps

1

and stairs.  She can never climb ladders, ropes or scaffolds.  She should avoid concentrated exposure to vibrations and workplace hazards, such as unprotected heights and moving mechanical parts.

*Id.* at 13, 15.  The ALJ found that, notwithstanding her depression, anxiety, and post-traumatic stress disorder, Plaintiff:

> … can understand and remember simple and detailed instructions and procedures.  She can sustain attention, concentration and pace for simple tasks with regular tolerances including two-hour time blocks.  She can interact with coworkers and supervisors sufficiently for task completion.  She can have occasional contact (up to 1/3 of the time) with the general public.  She can adapt to work demands and situational changes given reasonable support.

*Id.* at 13, 15.

### New rules for weighing medical opinions applied in this case.

Plaintiff filed her application on June 24, 2017.  [DN 15-2 at 10].  Plaintiff acknowledges, [DN 18-1 at 12], that the new rules for weighing medical opinions applied because she filed her application after March 27, 2017.  *See* 20 C.F.R. § 404.1520c.  "For claims filed before March 27, 2017, the rules in § 404.1527 apply."  *Id.*

Unlike the rules in § 404.1527, the new rules state "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …, including those from your medical sources."  20 C.F.R. § 404.1520c(a).  Instead, ALJs will now evaluate the "persuasiveness" of medical opinions in light of by five factors listed in paragraphs (c)(1) through (c)(5).  The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.

"The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be."  20 C.F.R. § 404.1520c(b)(2).  "Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions … in your determination or decision."  *Id.*  "We may, but

are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions … in your case record." *Id.*

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that "[t]he ALJ's physical RFC determination is unsupported by substantial evidence because the ALJ failed to properly weigh the opinion of treating advanced practice registered nurse [APRN] Dana Alexander." [DN 18-1 at 10].

On October 16, 2018, APRN Alexander completed the Physical Residual Functional Capacity and Medical Source Statement, finding, among other things, that Plaintiff can sit, stand, and/or walk for "less than 2 hours" "total in an 8-hour workday day (with normal breaks)" and that, on average, Plaintiff would likely be absent from work more than four days per month as a result of the impairments or treatment. [DN 15-7 at 591-94]. If accepted, this opinion would not allow for any full-time work activity.

The ALJ found the APRN's opinion to be not persuasive. [DN 15-2 at 19]. The ALJ found the opinion to be unsupported by the APRN's own examination findings, which show Plaintiff has normal ambulation and good insight and judgment. *Id.* referencing treatment notes at DN 15-7 at 519-32. The ALJ found the APRN's opinion to be inconsistent with the medical findings of Dr. Rachel Korsen M.D., which reflect that Plaintiff has full strength in her bilateral upper extremities and can ambulate without assistance. *Id.* Additionally, the ALJ found the opinion to be inconsistent with the persuasive opinions of the Commissioner's non-examining program physicians, Jack Reed, M.D., and Robert Culbertson, M.D., which indicate that Plaintiff can perform light work. *Id.* at 18-19; *see* 20 C.F.R. § 404.1513a(b)(1) ("[O]ur Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."); *Lucido v. Barnhart*, 121 F. App'x 619, 622 (6th Cir. 2005) ("[T]he reviewing physicians . . . have the strongest claims to neutrality.").

Plaintiff's first argument is unpersuasive because the ALJ's decision comported with the new rules for weighing medical opinions.[1]

### Plaintiff's second argument is unpersuasive.

Second, Plaintiff argues that "[t]he ALJ's mental RFC determination is not supported by substantial evidence because he failed to properly weigh the opinions of consulting examiner, Sarah Kerrick, Psy.D., LP, and treating physician, John M. Sallee, M.D." [DN 18-1 at 17].

On February 6, 2017, Plaintiff was examined at the request of the Commissioner by Dr. Kerrick. Among other things, Dr. Kerrick found that Plaintiff has marked limitations in tolerating stress and pressure of day-to-day employment. [DN 15-7 at 349].

In July and October of 2017, in light of Dr. Kerrick's findings and the record as a whole, the Commissioner's non-examining program psychologists, Mary K. Thompson, Ph.D., and Laura Cutler, Ph.D., found, among other things, that Plaintiff has mild limitation understanding, remembering, or applying information; moderate limitation interacting with others; moderate limitation concentrating, persisting, or maintaining pace; and moderate limitation adapting or managing herself. [DN 15-3 at 85, 101].

On October 18, 2018, treating psychiatrist John M. Sallee, M.D., completed the Mental Residual Functional Capacity and Medical Source Statement, finding, among other things, that Plaintiff has "marked" inabilities to interact with others and concentrate, persist or maintain pace; is unable to meet competitive standards in her abilities to sustain an ordinary routine without special supervision, accept instructions, respond appropriately to criticism from supervisors, and deal with normal work stress; and, on average, impairments or treatment would cause Plaintiff to be absent from work more than four days per month. [DN 15-7 at 595-98].

---

[1] Plaintiff's argument is also unpersuasive under the old rules. For applications filed before March 27, 2017, APRNs were designated as an "other source," rather than "acceptable medical sources." *See* 20 C.F.R. § 404.1502 (2015). ALJs had discretion in the weight they ascribed to the medical opinions of APRNs. *See Engebrecht v. Comm'r*, 572 F. App'x 392, 398 (6th Cir. 2014) ("[A]n ALJ has discrimination to determine the proper weight to accord opinions from 'other sources.'").

The ALJ found Dr. Kerrick's opinion to be not persuasive. [DN 15-2 at 20]. The ALJ found the opinion to be inconsistent with Dr. Kerrick's own finding that Plaintiff's social maturity is adequate, as she socializes daily with family and calls her "friends" to be with her when she has panic attacks. *Id.*

The ALJ found Dr. Sallee's opinion to be not persuasive. [DN 15-2 at 19-20]. The ALJ found the opinion to be unsupported by Dr. Sallee's limited treatment, findings, and observations since Plaintiff established care with him in April 2018. *Id.* The ALJ found Dr. Sallee's opinion to be inconsistent with Dr. Sallee's own observation (in April 2018) that Plaintiff has adequate concentration, working, and intact remote memory; fair insight and judgment; and a lack of follow-up treatment. *Id.*

The ALJ found the opinions of Drs. Kerrick and Sallee to be inconsistent with the persuasive opinions of Drs. Thompson and Cutler. [DN 15-2 at 19]. The ALJ was "persuaded that [Plaintiff] has no more than moderate mental functioning limitations as she interacts socially with her boyfriend and her friend and consultative and mental status examination findings generally reflect that the claimant has an average IQ." *Id.* "Moreover, besides an initial evaluation for mental health, the medical records of evidence do not reflect that [Plaintiff] has received significant therapeutic treatment for her mental health." *Id.*

Plaintiff's second argument is unpersuasive because the ALJ's decision comported with the new rules for weighing medical opinions.[2]

---

[2] Plaintiff's argument is also unpersuasive under the old rules. The RFC form asked Dr. Sallee about the "frequency and length of contact," Dr. Sallee responded "saw once 4/24/2018, cancelled follow up 8/13/2018, scheduled for 11/29/2018." [DN 15-7 at 595]. In other words, Dr. Sallee had only seen Plaintiff once or twice before giving his opinion. "[D]epending on the circumstances and the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship." *Kornecky v. Comm'r*, 167 Fed.Appx. 496, 507 (6th Cir. 2006). Additionally, Dr. Sallee completed a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings," and an ALJ "may properly give little weight" to findings on such a form. *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016). An ALJ need not give particularly good reasons for discounting the opinion of a one-time examining source such as Dr. Kerrick. *Ealy v. Comm'r*, 594 F.3d 504, 514 (6th Cir. 2010).

**Order**

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

February 12, 2021

Lanny King, Magistrate Judge
United States District Court